THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ A. VARGAS RAMÍREZ, Defendant and Appellant.

No. 17352. Decided December 20, 1961.

*M. Figueroa del Rosario* for appellant. *J. B. Fernández Badillo, Solicitor General of Puerto Rico,* and *Rodolfo Cruz Contreras* for appellee.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Dávila.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

The prosecuting attorney filed an information against defendant-appellant José A. Vargas Ramírez, charging him with a violation "of Art. VIII of Act No. 141 of 1960 (driving motor vehicles under the influence of intoxicating liquor)" consisting in that "while under the influence of intoxicating liquor he drove a Pontiac *automobile*, License Plate No. 608–963, which he allowed to collide with *another motor vehicle...*" On the day of the hearing, counsel argued that the information did not allege nor adduce facts constituting a public offense since it did not state that the criminal action was committed "on a public road or highway." The trial court dismissed this question, and having heard the evidence, found defendant guilty and, doubtlessly considering that as a result of the accident three persons were injured, imposed a penalty of six months in jail and the suspension of his driver's license for a term of two years.

On appeal, he reproduces the allegation of insufficiency, invoking the provisions of § 13–102 (c) of Act No. 141 of July 20, 1960, 9 L.P.R.A. Supp. § 1752 (c), which states that

"All traffic[1] provisions of this act and its regulations shall be applicable to any driver of a vehicle propelled by motive or human power, including those vehicles described in subsections (a) through (f), inclusive, of section 1–148, whenever such vehicles are operated on public highways, unless the nature of the provisions renders it inapplicable to such vehicle."[2]

The above-mentioned § 1–148, 9 L.P.R.A. Supp. § 348, defines a motor vehicle as "every vehicle propelled by power other than muscular, excepting the following or similar vehicles:

(a) Traction machines.
(b) Rollers.
(c) Tractors used exclusively for agricultural purposes.
(d) Power shovels.
(e) Road construction equipment.
(f) Deep-well drilling machines.
(g) Small-wheeled vehicles used in factories, warehouses and railroad stations.
(h) Vehicles running on rails, by water or by air.
(i) Vehicles operated on private property."

■■ Reading both sections jointly it is clear that the phrase "whenever such vehicles are operated on public highways" only refers to those listed under letters (a) to (f) of § 1–148, which usually are not operated on public highways precisely because their chief function is not for transportation. Hence, any reference to the vehicles mentioned in letters (g), (h) and (i) was unnecessary because they do not even accidentally use the public highways. This is an appropriate case for the application of the rule of construction on the last antecedent, Bowie v. Buscaglia, Treas., 63 P.R.R. 525, 530 (1944).

---

[1] Section 5–801(a) of the Vehicle and Traffic Law of 1960 is included in Chapter V, "Traffic and Safety Provisions."

[2] For the provision of the former traffic law, see § 20 of Act No. 279 of April 5, 1946 (9 L.P.R.A. § 191).

Furthermore, it may be observed that the information substantially follows the language of the law which is sparingly limited to pronouncing it unlawful "for any person who is under the influence of intoxicating liquor to drive or operate any motor vehicle." Section 5–801(a) of Act No. 141 of 1960, *supra*, 9 L.P.R.A. (Supp.) § 1041. In view of the aforesaid definition of a motor vehicle, which expressly excludes "vehicles operated on private property," an information charging the driving of a motor vehicle under the influence of intoxicating liquor, entails—as judiciously pointed out by the Solicitor General—the allegation that said operation has taken place on a public highway because a vehicle operated on private property is not a "motor vehicle." Since it concerns an exception to the statutory definition of motor vehicles it was unnecessary to negative it in the information, (and that would be the result of requiring that it be affirmatively alleged that the operation of the vehicle occurred on a public highway, that is, that it was not on private property) but rather it was up to the defendant to allege and prove it as a matter of defense. *Cf. People v. Hiraldo*, 54 P.R.R. 608, 611 (1939); *People v. Avilés*, 54 P.R.R. 257 (1939); *People v. Giraud*, 52 P.R.R. 30 (1937).

*People v. Olivo*, 37 P.R.R. 754 (1928) invoked by defendant-appellant is clearly distinguishable since the section violated in said case specifically provided that "it shall be unlawful for any motor vehicle to be operated on a public highway in Porto Rico without a license therefor. . ." (Section 2 of Act No. 75 of April 13, 1916, Sess. Laws, p. 140.) As may be seen, operating motor vehicles on a public highway was an inseparable part of the offense. Furthermore, the above-mentioned Motor Vehicles Act of 1916 did not contain a similar provision defining motor vehicles, by virtue of which it expressly excluded—as does the present one—vehicles operated on private property. The same distinction may be established in relation to *People v. Báez*, 43

P.R.R. 81 (1932), in which the provision violated was § 12 of the above-mentioned Motor Vehicles Act of 1916, which specifically refers to persons operating vehicles on public roads.

The judgment entered by the Superior Court, Mayagüez Part, on May 15, 1961 will be affirmed.